First case of the afternoon is People v. Blanton for the appellate, Mr. Bill Coleman. Good afternoon, Mr. Manchin. You may proceed. May it please the court. Good afternoon. I'd like to start out, if I may today, with an example. I would propose to you two co-defendants, both of whom have committed an armed robbery. Say defendant A was guilty by accountability and was acted as the lookout for defendant B, who physically committed the armed robbery, had the gun, stuck up the person, took the money. At sentencing, defendant A, the accountability defendant, is sentenced to 25 years in prison. Defendant B is sentenced to 45 years in prison, in part because of the difference in accountability. Defendant B actually committed the crime. Defendant A was guilty by accountability. Let's take for example further that these two defendants were convicted at the same time period in which this firearm enhancement was unconstitutional. On remand, defendant B would be required to be sentenced to no more than 30 years. In other words, 15 years would have to be cut from his time in prison. Otherwise, it would be a void sentence. He could get less than that, but he could get no more than that. So he'd have to have a full length of the add-on that would have to be cut from his sentence. Under the state's theory, defendant A could have 15 years taken off. He could have 10 years taken off. Two years taken off. He could have no time taken off. He could end up with the exact same 25-year sentence. I think that example, better than anything else, shows why the state's theory of this idea of, well, you just send it back for resentencing and that's the end of it, we don't think about it anymore, is unfair and unworkable. What did the Supreme Court tell us to do? All the Supreme Court said is remand for resentencing under the original range. And the state takes that to the next step and says, that means exactly what it says. The defendant's eligible for anything. Why wouldn't it mean what it says? Well, for that one example I just gave. The other thing I would point to is I would say, it can't be read totally literally in the sense that, let's take Mr. Blanton, for example. On remand, absent new evidence in aggravation, which there wasn't any here, the trial court wouldn't have been entitled to sentence him to 30 years, even though that's within the original range of sentencing. So I don't think, with that in mind, I think we can agree that it can't be taken totally verbatim. So then I think the next question is, well, then what happens on remand? And I think that the sort of proposal that I've laid out is simple, it makes sense, it's easy to follow, and you avoid absurd and inequitable results, like that example that I started with. And I think that support for my argument can be found first in the fact that the add-ons are different from any other, I think the closest thing that we have, and it's not a perfect analogy, the closest thing we have in Illinois would be MSR. But there's really nothing else that's a legislatively mandated add-on that just applies as a matter of law, and here's the key, without discretion. As the legislative history and the cases all show, particularly the legislative history, the trial judge has to pick a sentence between 6 and 30 years, using his or her discretion, just as normal, just the same as it was before the 15, 20, 25 to life came into existence. And then the legislature said, the next term of years, whatever's appropriate in that case, 15, 20, 25 to life, are added on automatically without discretion. So, I mean, I think it's just logical that then, if the add-on is the unconstitutional portion of the sentence, then on remand, that unconstitutional time should come off. I mean, I don't think this is a, I don't think it's a stretch to say that that's at least logical. Isn't it possible the trial court here said, well, I've got to do 15, now what is appropriate beyond that? Should I do, should I just do 15, or should I do 20 or 25? Do you mean taking off 15, or do you mean starting off? No, I mean, when the trial court imposed the original sentence of 25 years, is that right? Yes, yeah, that's correct. The trial court only had to impose 15. 21. You mean in the first sentencing hearing? No, no, he didn't have to impose 21. Couldn't he have imposed 15? As the total term of imprisonment? Yeah. No, because the minimum is 6, and then the add-on is 15, which would be 21. Yeah. Couldn't he have said 15? The range is 6 to 30. Why can't he impose 15? Oh, you mean as far as what his portion was in choosing the original range from 6 to 30? Yeah. And then the 15 years is just added on to whatever the judge says? Yeah, sure. He could pick 15, and then 15 years more is added on because of... No, no, no. Couldn't he have said, I'm going to impose a sentence of 15 years, and wouldn't that have been appropriate? At the original sentencing hearing? Yeah. It would have been appropriate only to the extent that then another 15 years would have come on automatically for the enhancement. But at the time Mr. Blanton was sentenced, there was... I mean, they were unconstitutional, but a hostile hadn't actually come out yet. Right. So the judge's range was from 6 to 30, and then there was an automatic add-on, which most courts, the way they've talked about it, is that they say, well, that made the range 21 to 45. So if the judge parsed it out in terms of, I think this crime is worth 15 years, and that's what I would sentence you to, you're going to end up with 30, because now the legislature said you have another 15 to serve on top of that. Couldn't the judge say, I want to impose the minimum sentence possible. I'm going to impose a 15-year sentence. No, because that wouldn't be... the minimum, I think, would have been 21 years. Unless I'm... I mean, I might just be misunderstanding your question, so I apologize. I know the add-on is confusing, and I'm not sure what trial judges did when they applied that. Did they just think of what they would impose and then tack on 15 years, or did they try to end up with what they thought should be imposed? Well, I think the short answer is yes, and I'm not trying to be flit, but I think that I've actually read cases in which they've done it both ways. I've seen cases where they say, I think this crime is worth 20 years, the legislature has said you're getting another 15, therefore your total term is 35 years. I've seen other judges say something similar to what happened in this case, which is, well, 25 years. And in that case, you're not really sure. I think the court probably was thinking about what total term of years do I think this defendant should get. And I think absent the add-on, I can't say with any certainty that the trial court here would have said, this is absolutely a 10-year sentence, but that doesn't make the state's position correct. My position is that that just means that the trial judge was doing it wrong. The whole point of these add-ons were to really ramp up the penalties for crimes committed with firearms. Hence the fact that it's no discretion. They're added on automatically as a matter of law. If the legislature wanted the judge to have full range of discretion, they just would have changed the penalty range from 6 to 30 to 6 to 45. And then the judge could still give a 6 or a 15 or whatever the judge felt it was worth. But the legislature said, no, no, we really want these to be ramped up. And this will be the only time you probably hear me advocating for really long sentences, but that's what they wanted. That's what they said. That's in the legislation. That's not even legislative history. They said, we want long sentences here. So what I think the bottom line is, I mean, inherently I think in your question is the bigger issue of, well, didn't the judge feel, like in this case maybe, didn't the judge feel that this crime was worth 25 years? I don't think I can say no. We're not sure because the judge didn't expressly say, you know, didn't break it up as you were just mentioning, didn't say this is what I think the underlying sentence is, this is what the add-on is. But either way, what we're left with is being able to easily figure out what the add-on was. It was 15 years. So then we can say, well, if he was doing it wrong, he was doing it wrong, but the underlying sentence is 10 years. So I think the best thing to do in these situations is not to say, well, you just send it back down for resentencing. As I said in the beginning, that can't be true. So then the question is, what do we do? We take off the 15 years, and from that point the judge again, the ball sort of comes back into the judge's court, and the judge uses discretion from that point to either bump it up or down if there is new evidence in aggravation or mitigation respectively. In a way, it's like a sales tax. If you're negotiating to buy a new car and you agree on a $30,000 price, the sales tax comes on after the fact. It's just there. That's what it is. It doesn't really have anything to do with it except that's, you know, the legislature said you have to pay this in addition to it. So I think, again, I'll go back to that example that I started with. If this court would accept the state's position, which is you just send it back for resentencing, no questions asked, then it inherently would lead to unfair results because, for example, we have Mr. Blanton here who received five years off, but you could have a similarly situated defendant, it wouldn't have to be a co-defendant, who probably committed a more serious crime if he was maxed out at 30 and then got the 15 for 45, and he gets the full 15 off and Mr. Blanton only gets five. That's not an equitable remedy for either side. That's not what the legislature intended here with these. It's 15 on, 15 off. Thank you. Mr. Manson. Good afternoon, Your Honors. May this please the Court, Counsel. In this case, in Hochschild and in Clemens, the Supreme Court has said that when you throw out the unlawful add-on for use of a gun, the remedy is to send it back for sentencing within the original range. I think this court has to follow that language. This court cannot say, no, the Supreme Court did not mean that, did not mean what they expressly said. We are bound by the Supreme Court's determination that the remedy in these cases is to send it back for sentencing in the original range. Wouldn't it be troublesome if the trial court on resentencing gave him 30 years? Well, the problem is even in the situation with the, you're dealing with what is in effect a void sentence. The 25 years was found void because the unconstitutionality of the statute. So then you go back to stage one, square one. I don't know whether or not the increase in sentencing would be proper or not, but that question is not before this court. What we have here is the trial court sentenced the defendant to less than what he got before because of his good conduct in prison in the meantime. So we can leave the question of what happens if you get a greater penalty to a defendant on remand to when that case is presented. It's the same distance as where the defendant is given a probation term and the sentence, the crime is not probation. By nature, the sentence he gets is going to be greater than what he got before. So I think this is the same type of deal, that because the sentence is unconstitutional, you have to just set it aside and sentence him from the start as if there had been no prior sentencing hearing. You can take into account the defendant's behavior, but if there's, like in this case, where there's evidence presented as to what happened since the last sentencing hearing, you can take that into account one way or the other. But to say that because you imposed the sentence within the statutory limits of 61 to 45, you're now limited to 10 years, I don't think reflects either the legislative intent or the way this statute has been applied to the courts. I do not think the majority of courts that deal with this say, okay, under the old statute I would have given him 10 years, therefore I'm going to give him 25 years now. I think if that was what the court was thinking, they would have given him the, or would necessarily say, okay, the defendant I thought under the original range is 25 years, so I'm going to give him 40. We can't be parsing out, assuming that the trial court is doing this step one, step two, step one, okay, this is what I would give him normally, but because the court legislature said there's a 15-year, this is what he's going to get. I don't think the trial courts do that. I think they take a look at it as, okay, the legislature has now said that for these type of offenses the range is 21 to 45, or whatever the range happens to be, and then picks a number that he thinks in that range is appropriate for this particular defendant. To say that on remand he's now limited because of what he chose the first time I think is limited to 15 years less than whatever he said the first time I think is doing a disservice. The same type of disparity or inequality or weird results that the defendant suggests are going to happen is going to happen regardless, even if you use his approach. I admit the statute was confusing, but it was a 15-year enhancement, and if you are following the technical terms of the statute and you're a trial judge, don't you pick the sentence and then add an enhancement? Not necessarily because all the enhancement has done is changed the range from 21 as the minimum to 45 as the maximum. Why did they call it an enhancement then? Why didn't they say it's an increase in the minimum? Well, the legislation did not tell the courts that this is the way it should be applied, is that you first determine that there's a two-step sentencing process. I think the majority of cases I've seen have been ones where the court has just simply said, okay, the sentence is X years. They don't do this two-step process. Okay, I think you only deserve 15 years, but because the legislature has said you get a 15-year add-on, I'm going to give you 30. I think that most courts have just simply viewed this as saying, okay, because of the enhancement, the range is now this rather than this. But you agree it's possible to view it the other way? It is possible, but under either scenario, I think the Supreme Court has said the remedy is to send it back to the statute as it existed before the enhancements. But you didn't want to talk about the situation where the trial judge actually increased the sentence on remand. I think it might be possible because of the unconstitutionality of the Well, a minute ago you didn't want to comment on whether the judge could impose a 30-year sentence. I'm saying that it might be possible, but that until that issue arises and it's fully briefed with cases, this court need not address that question because that is not before this court this time. Well, we don't know what the trial court did here. When the trial court, let's see, the original sentence was 25 years and not remand. It was 25, and was the trial court thinking, gee, I would impose a sentence of 10 years, but the legislature is telling me I have to add on 15. The fact that he comes back with 20 is pretty telling that he wasn't thinking that way. Because all that has changed is the defendant's good behavior in prison for a few years. Everything else is the same. The fact that he comes back with a 20-year sentence as opposed to something substantially less showed that this wasn't the case where the court said, okay, I would normally give you 10, but because of the 15-year add-on, I'm going to give you 25. It's just the trial court saying, okay, an appropriate sentence for this is 25 years. That does not necessarily mean he did the 15-year or he just says that 21 is the minimum, and I think it should be more than the minimum. I think that the Supreme Court has said that the remedy is to send it back for sentencing as if it's under the range of sentences available prior to the add-on shortness. Yeah, but the problem is what did the trial court originally do? If the trial court, when it imposed this 20-year sentence, had said, I originally wanted to give the guy 10 years, but the legislature said I had to do 25. And that's why I had to do 15 years add-on. That's why I imposed the 25. And now I'm going to impose the 20. Wouldn't that be some indication that the sentence was being increased the second time? In that case, there might be an increase. And again, we don't know what was in the trial court's mind. Which is why the best thing to do is send it back to the trial court to resentence. Since we don't know what's in his mind. We should do that? Yes. Rather than just this court picking a number and saying, okay, the sentence was 25. We'll just subtract the 15 off and your sentence is now 10 years. Or the sentence was 30 years before and now it's 15. You don't want us to affirm? You want us to send it back? I'm saying that when it was remanded the first time, the trial court said that the sentence is 20 years. This has already been remanded once for a resentence. So the only question now is did the trial court abuse its discretion in imposing sentence? Or was the trial court limited to his original sentence minus the 15 years? So on remand, was the trial court limited to just 10 years as he has maximum sentence? Because this is already on remand. This is what happens. The defendant has been resentenced on remand. And it was sent back for resentencing within the range of sentences available. The trial court did that. So the only question is, was the original remand for resentencing? I take that back. I'm trying to remember if this was. No, this was one that we was. This was sent back once before because of the proportionality problem. The trial court on remand gave him a 20-year sentence, which was less than the original 25. The only real question on the appeal is when it's remanded by an appellate court for resentencing, is the trial court limited to the original sentence less the add-on? So that whatever the defendant trial court opposed before, he limited by that number. Whatever it was, it was 40 years before, it would have to be below the, now 25 is now the upper maximum rather than the 30 years or whatever. The Supreme Court said when a case is remanded, it's within the entire range of sentencing. The trial court did exactly that, so I think that the trial court's decision to resentence the defendant is not an abuse of discretion. This was not remanded by the court with instructions to sentence the defendant to 10 years or less. It was remanded for resentencing. And the trial court followed that, this court's directive as to what to do on remand and sentencing it within the original sentencing range. There's no claim that raised that 20 years or less, 20 years is excessive for this type of offense, just that because of the original sentence, the trial court was limited to 10 years. And under the Supreme Court's rulings in Clemens and Heschel, the trial court, when it remanded, was not limited to the original sentence less the add-on. Because the Supreme Court says on remand, it's to be sentenced within the range of the sentence as it existed before the amendments. The trial court followed that rule. But I think that the trial 20-year sentence imposed in this case should be affirmed. There is no need for further remand in this case, unless this court wants to adopt the defendant's claim that it somehow has to subtract that thing. Then we still need to go back to the trial court and determine, well, if it's just this 15 years, 10 years, am I going to employ the 10 years or am I going to give them credit for the good behavior when I think the sentence should have been 20 years? So I think that if you accept the defendant's claim, it still is the only reason to be remanded. The Supreme Court has said that there's an unconstitutional sentence because of the firearm add-on. On remand, the trial court is to sentence the defendant within the range of sentences available prior to the firearm add-on. And that is exactly what the trial court did here. Thank you, Your Honor. Thank you. Mr. McCormick, the vote. Thank you, Your Honor. Just a few of the quick points. First, I feel like this has gotten a little more confusing than it should be. What does the statute say that he consented to? Six to 30 years. And did he? Yes. I think that that actually leads into my first point, which is the state argued that my sort of proposal would be contradictory to Hostroud, in which Hostroud says the remedy in these situations is to remand for resentencing within the original range. If this court were to accept my recommendation of a 10-year term, that is, he was resentenced, and that is within the original range. I don't see in any way that this conflicts with Hostroud. Hostroud didn't address the question of exactly what the trial court is supposed to do. They weren't faced with that question. So to me, that's not surprising. It seems to me that you're making an assumption about what trial judges think when they impose a sentence, that your assumption seems to be that you pick a number that you would normally sentence the person to, and then the legislature has tacked on this add-on, so you tack that on to the number that's in your head. In reality, having been a trial judge, and I think I'm probably more normal than, you know, in terms of how you approach this, is you know the add-ons out there. So you know you've got to deal with that. But if an armed robbery in your mind is worth 10 years and you've got the add-on to worry about, you would go down to the lowest number of six, recognizing that you've got the 15 years that's already added on, even though you don't think that that's necessarily called for in this particular case. I think most trial judges, when they look at that add-on that's out there that's mandatory, which in this case it turned out not to be mandatory, but that's what they're looking at. They've got a range of this is what I think it's worth. How do I, recognizing I've got to do this add-on thing, how do I get to the closest I can to what I really think it's worth, which is different than what you're suggesting their thinking is. Well, obviously it wasn't clear enough. I think what you just described is what 9 times out of 10 actually happens. And what I'm saying is that according to legislative history, what they're supposed to do is decide on what they think the crime is worth between 6 and 30, and then the add-on just applies. It's like the sales tax. I mean the dealer isn't considering what the buyer has to pay on the sales tax. The buyer might be considering it, but the dealer's not thinking about it. So it's not, I think you're exactly right. What I'm saying is that technically when they're doing it that way, they're doing it incorrectly. And I don't think that, that doesn't change my argument, I don't think. It doesn't, you know, if you were to agree with me, then the guy's ending up with less time than the chargers thought that he deserved. That happens sometimes. You know, there are also times when the court might think that the armed And he has to give him then 21. He's also not getting what the trial court thought he deserved for that crime. So that, you know, I mean is that really fair? I don't know, but I don't think that changes my argument one little bit. I think you're exactly right. I agree with you that that's how courts are doing it, but that doesn't change my argument or the analysis, I don't think. The other thing briefly, the state said that you can't assume that the court is following the law. I think that the opposite is true. You're supposed to assume that the court is following the law, which in this case I think would be, you know, and I don't think it's this two-step process. I think you're exactly right the way that, you know, that they do it the way you just described. But that doesn't change the fact that we have a 15-year add-on here, and that was part of the 25-year sentence. The other thing is my proposal or my theory, the state argued that it would lead to unfair results as well. I didn't hear an example of that, and I don't think there is one, because what would happen is the trial judge would take off the length of the add-on and then move it up or down depending on new evidence. Then you're ending up with a fair sentence in every case. Why would it have to be new evidence? Because otherwise you would just take it off and stay at 10. It would have to be, otherwise it would be an unfair increase or an improper increase, I should say, of the sentence after appeal, just like the 30 years would be in this case if the judge had sentenced him to 30 years. Absent new evidence in aggravation, I don't think there's any question you can't give him 30 years just because he says, well, I thought more about this case. I actually think this bothered me after I sentenced you the first time. I really think this is worth 30 years, and then give him some 30 years. That clearly is inappropriate. So I also think I just wanted to make clear Mr. Blanton is not asking for a remand. Mr. Blanton is asking that this court reduce his term of imprisonment to 10 years, which would take out the add-on, and because there was no new evidence in aggravation, would keep him at 10 years. Thank you. I take this matter under advisement and stand in recess until the readiness of the next case.